UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CECELIA TOWNER,

                    Plaintiff,

        v.

CHRISTINE GREIG,

                    Defendant.

CASE NO. C26-5001 BHS

ORDER

THIS MATTER is before the Court on pro se plaintiff Cecelia Towner's motion for a temporary restraining order, Dkt. 13. The case was transferred here by the District of Northern California. Dkt. 7. Magistrate Grady J. Leupold granted Towner's application to proceed *in forma pauperis*, leaving to this Court evaluation of the plausibility of Towner's claims. Dkt. 16 at 1 (citing 28 U.S.C. § 1915(e)(2)(B)).

In response to Judge Leupold's Order and "screening notice," Towner filed a second amended complaint. Dkt. 18.

Towner's operative pleading alleges that defendant Christine Greig is a state court-appointed "conservator who acts under authority delegated by the State of Washington and therefore is a state actor for purposes of 42 U.S.C. § 1983." *Id*. at 2.

ORDER - 1

Greig was presumably appointed to care for Towner's mother, who Towner alleges owns vacant commercial property in Los Angeles. Towner does not claim an interest in the property. Nevertheless, she wants to lease the space and she asserts that Greig unconstitutionally interfered with her efforts. She asks this Court to enjoin Greig from continuing to obstruct the proposed lease.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This

requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).

Against these well-settled standards, Towner has not plausibly pled that Greig is a state actor, or that, even if she was, her conduct violated the United States Constitution. In order to state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A private party acts under color of law only when the constitutional deprivation results from a governmental policy, and

ORDER - 3

the party charged with the deprivation may fairly be characterized as a governmental actor. *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir.1999). A private party's conduct constitutes governmental action only in "rare" circumstances. *Id*.

One acting with the state's authorization, for example an attorney, or a court-appointed receiver, is not a state actor for purposes of § 1983. Private attorneys are not state actors for the purposes of § 1983. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Briley v. California*, 564 F.2d 849, 855–56 (9th Cir. 1977).

Because Towner has not plausibly alleged that Greig is a state actor, or that opposing a proposed lease violates Towner's constitutional rights, she is not entitled to proceed *in forma pauperis*. Her *in forma pauperis* is **REVOKED**. For the same reason, Towner cannot establish the first element of a temporary restraining order: that she is likely to succeed on the merits of her § 1983 claim against Greig. Her motion for a temporary restraining order, Dkt. 13, is **DENIED**.

Because Towner has already amended her complaint twice, and because there is nothing she can add or alter to state a plausible claim, the case is **DISMISSED** without prejudice and without leave to amend. The Clerk shall close the case.

**IT IS SO ORDERED**.

//

//

//

ORDER - 4

Dated this 22nd day of January, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5